UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KEEGAN MIDDLETON                                                                              PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:10-cv-373-HTW-FKB

JESSIE L. LEGGETT, ET AL.                                                                  DEFENDANTS

REPORT AND RECOMMENDATION

This cause is before the undersigned on Defendant Leggett's Motion for Summary Judgment (Docket No. 30), and Defendant Leggett's Motion to Strike Plaintiff's Errata Sheet and Declaration (Docket No. 38). Having considered the motions, and the parties' submissions to the Court, the Court recommends that both the Motion for Summary Judgment and the Motion to Strike be granted.

*FACTS AND PROCEDURAL HISTORY*

Plaintiff filed his complaint in the above-styled matter pursuant to 42 U.S.C. § 1983, alleging that he was wrongfully arrested and imprisoned by the defendants and that his vehicle was unlawfully searched. Plaintiff claims that on August 22, 2007, he was driving in Brookhaven, Mississippi, obeying all applicable laws, when he was arrested and had his vehicle searched by Defendant Leggett, a Lincoln County Deputy Sheriff, for no reason. Docket No. 1. The parties agree that Defendant Leggett did not conduct a stop as soon as he saw the plaintiff on the morning in question,[1] but followed him to a gas station, asked him some questions, and then arrested him. Plaintiff contends that Defendant Leggett conducted illegal searches of his vehicle

---

[1] Though the complaint states that Defendant Leggett stopped the plaintiff's vehicle, Plaintiff's deposition testimony was that Defendant Leggett turned around and followed Plaintiff to the gas station. Docket No. 30-2 at p. 36.

1

by looking into his car with a flashlight from outside the vehicle while Plaintiff was in the gas station paying for gas and by searching the vehicle after the arrest. Docket No. 30-2 at pp. 35-36 and 46.  Plaintiff's complaint indicates that Defendants charged him with careless driving in violation of Miss. Code Ann. § 63-3-1213, and arrested him, despite the fact that the statute does not provide for imprisonment as a punishment for violation.  Plaintiff further alleges that once arrested, he was not allowed to call anyone to bond him out of jail for several hours.  Docket No. 1.  Plaintiff was ultimately found not guilty of careless driving.[2]  Id.

Plaintiff's discovery responses (Docket No. 30-1) and deposition testimony (Docket 30-2), both submitted to the Court by Defendant Leggett in support of his motion for summary judgment, flesh out the story.  According to Plaintiff, he got off work in Vicksburg at midnight on the morning of the incident, drove to his home in Fayette to freshen up, and then drove to Brookhaven to pick up a recently-discovered cousin and her friend.  Plaintiff passed Deputy Leggett's vehicle in Brookhaven, and Leggett turned around and began to follow him.  Upon noticing that he was being followed, Plaintiff reversed direction and went to a gas station.  While he was in the gas station, Plaintiff noticed that Defendant Leggett was looking into Plaintiff's car with a flashlight from outside the vehicle.

Plaintiff returned to his car and asked Defendant Leggett whether there was a problem. Docket No. 30-2 at pp. 16-37.  Defendant Leggett asked Plaintiff why he was in Brookhaven. When Defendant Leggett looked skeptical of the explanation Plaintiff gave, Plaintiff called his cousin and put her on the phone with Defendant Leggett to confirm his story.  Id. at pp. 37-39.

---

[2]Although the complaint states that an abstract of judgment is attached as Exhibit A to the complaint, there is no Exhibit A on file with the Court.

Plaintiff admits that his story did not really get confirmed since when Defendant Leggett asked the person on the phone[3] whether she was related to Plaintiff, she said no. Id. at p. 40.

At this point, Plaintiff asked Defendant Leggett what offense he had committed, but Defendant Leggett continued to ask why Plaintiff was in Brookhaven, causing Plaintiff to feel harassed. Id. at pp. 41-42. Plaintiff expressed to Defendant Leggett that he felt harassed, to which Defendant Leggett responded by handcuffing Plaintiff and stating that Plaintiff was being arrested for careless driving. Id. at p. 42. Defendant Leggett then conducted a search of Plaintiff's person and vehicle incident to the arrest. Id. at pp. 43-46. Plaintiff was taken to jail, where he was booked at 3:40 a.m., and after being placed in a holding cell for approximately ten to twenty minutes, Docket No. 30-2 at pp. 61-62, was released on bond at 4:59 a.m. Docket No. 30-6.[4]

*SUMMARY JUDGMENT STANDARD*

Defendant Leggett has moved for summary judgment on the basis of qualified immunity. Summary judgment is appropriate if the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." St. Amant v. Benoit, 806 F.2d 1294, 1296-97 (5th Cir.1987). "The requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). "Only disputes over the facts that might affect the outcome of the suit

---

[3] Plaintiff speculates that at some point his cousin handed the phone to another girl. Docket No. 30-2 at p. 40.

[4] It appears from his deposition testimony that part of Plaintiff's wait time at the jail was due to his parents driving from Fayette to get him. Docket No. 30-2 at p. 52.

3

under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id.

## *QUALIFIED IMMUNITY*

Qualified immunity protects law enforcement officers, such as Deputy Leggett, from liability for damages unless their conduct violated clearly established rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In this case, to overcome qualified immunity and prevail on a Section 1983 claim for false arrest, Plaintiff must demonstrate that he was arrested without probable cause. Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001). "[P]robable cause is present 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" Vance v. Nunnery, 137 F.3d 270, 276 (5th Cir. 1998) (quoting United States v. Levine, 80 F.3d 129, 132 (5th Cir. 1996)). Qualified immunity shields officers from false arrest claims if they could have believed the arrest lawful with the information they had at the time. See, e.g., Mendenhall v. Riser, 213 F.3d 226, 230 (5th Cir. 2000). An officer who reasonably, but mistakenly, concludes that probable cause exists is still entitled to immunity from liability. Mendenhall v. Riser, 213 F.3d 226, 230 (5th Cir. 2000). "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released." Baker v. McCollan, 443 U.S. 137, 145 (1979).

4

If Defendant Leggett had probable cause to arrest Plaintiff, Plaintiff's rights were not violated by Defendant Leggett arresting him.[5] The mere fact that Plaintiff was later found not guilty does not itself support a cause of action for false arrest. Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 754 n.10 (5th Cir. 2001).

In support of his motion for summary judgment, Defendant Leggett testified by affidavit that, on the morning of the arrest, he personally observed Plaintiff committing two misdemeanor offenses: speeding and "swerv[ing] over the yellow center line." Docket No. 30-3 at ¶¶ 5-8. Plaintiff denies that he swerved over the center yellow line while Deputy Leggett was watching him.[6] However, during his deposition, Plaintiff testified as follows regarding speeding:

> Q Do you know how fast you were going as you traveled through downtown on over to the high school?
>
> A I want to say the speed limit is, like 45 through there.
> ....
>
> A I was going under the speed limit. I'll say about 40 miles per hour.
>
> Q .... Did you look at your speedometer?
>
> A Yes, sir. I was looking at my speedometer the whole time.
> ....
>
> A I stayed looking at the speedometer . . .
> ....

---

[5] Plaintiff's allegation that Defendant Leggett "searched" his car by looking into it from the outside with a flashlight does not state a claim as there is no reasonable expectation of privacy in what can be seen from the outside of a car. Brumfield v. Jones, 849 F.2d 152, 155 (5th Cir. 1988).

[6] Plaintiff's version of the entire incident varies in significant respects from Defendant Leggett's, but for purposes of consideration of the motion for summary judgment, the Court takes the facts as stated by Plaintiff as true.

> Q You saw some lights, headlights behind you?
>
> A Yes, sir.
>
> Q Okay. When you first saw those headlights behind you, had you looked at your speedometer in the last few seconds?
>
> A Yes, sir.
>
> Q And you–how fast were you going?
>
> A The same speed, 40 miles per hour, um-hum.

Docket No. 30-2 at pp. 31-33. It is undisputed that the speed limit where Plaintiff was driving at the time was 25 miles per hour.

An officer may, without violating the Fourth Amendment unlawful search and seizure prohibition, arrest even for a minor infraction committed in his presence. Atwater v. City of Lago Vista, 532 U.S. 318, 322 (2001)(plaintiff arrested for not wearing seatbelt and failing to fasten children's seatbelts); Lockett v. New Orleans City, 607 F.3d 992, 998 (5th Cir. 2010)(arrest for speeding).[7] If probable cause existed for the arrest of Plaintiff, Deputy Leggett is entitled to qualified immunity since the first prong of the two-prong test for defeating immunity, a constitutional violation, has not been met. If the false arrest claim fails, Plaintiff's claims regarding the searches of his person and vehicle post-arrest fail as well since a search incident to a lawful arrest is also lawful. See, e.g., U.S. v. Palmer, 206 Fed. Appx. 357, 359 (5th

---

[7] In his interrogatory responses, Plaintiff apparently attempts to assert a claim that his handcuffs were too tight. Docket No. 30-1. However, the Lockett case would dispense of such a claim. The Lockett Court held that an arrestee's claim that handcuffs were too tight, without more, does not state a constitutional violation. 607 F.3d at 999.

6

Cir. 2006).[8]

Plaintiff's foregoing testimony that he was traveling 40 miles per hour establishes probable cause for the arrest, given that the speed limit was 25 miles per hour. Accordingly, Plaintiff's claims against Defendant Leggett fail as a matter of law.

*MOTION TO STRIKE*

After Defendant Leggett filed his motion for summary judgment, Plaintiff submitted to the Court a document entitled "Certificate of Deponent," commonly known as an errata sheet. The document, filed at Docket No. 33-1, contains three "corrections" to Plaintiff's deposition testimony: Page 31, Line 15 - "change 45 mph to 25 mph"; Page 31, Line 19 - "change 40 mph to 20 mph"; and Page 33, Line 11 - "change 40 mph to 20 mph." The errata sheet contains no explanation for any of Plaintiff's "change[s]" to his sworn deposition testimony.

Defendant Leggett moves to strike Plaintiff's errata sheet based on Fed. R. Civ. P. 30(e). Rule 30(e) provides, in pertinent part:

> **(1) Review; Statement of Changes**. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
> **(A)** to review the transcript or recording; and
> **(B)** if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e).

Defense counsel took Plaintiff's deposition on October 25, 2011. The undisputed evidence before this Court establishes that, on November 3, 2011, the court reporter advised that transcription of Plaintiff's deposition had been completed and that a certified copy of the

---

[8]Plaintiff's response to the motion also addresses his conditions of confinement claim but that claim is one against the county, not against Defendant Leggett in his individual capacity.

deposition transcript would be shipped "Cash on Delivery." Plaintiff's counsel, however, instructed the court reporter not to send the transcript COD but, instead, to forward the invoice to him by email and that he would send payment. On November 4, 2011, the court reporter forwarded the invoice to Plaintiff's counsel by email. *See* Docket No. 43-1 at 4-6. No payment was made for the deposition transcript until December 16, 2011, at which time a certified copy of the transcript was sent.

Plaintiff signed the errata sheet containing the subject "corrections" on December 20, 2011. In response to the motion to strike, Plaintiff theorizes that he complied with the 30-day requirement under Fed. R. Civ. P. 30(e) because the deposition transcript was not "available" until December 16, the day he paid for it. For obvious reasons, Plaintiff's theory fails. The plain language of Rule 30(e) gives a deponent "30 days *after being notified by the officer* that the transcript . . . is available" to review the transcript and complete the errata sheet. The undisputed evidence shows that the court reporter advised that a certified copy of the transcript was available on November 3. Plaintiff chose, however, not to accept and review the transcript at that time. Clearly, Plaintiff failed to complete and sign the errata sheet within the 30-day period under Rule 30(e) when he signed it on December 20, 47 days after November 3. Therefore, Defendant Leggett's motion to strike Plaintiff's errata sheet should be granted.

Defendant Leggett has also moved to strike an affidavit which Plaintiff submitted in response to Defendant Leggett's summary judgment motion. As with the errata sheet, Plaintiff attempts in his affidavit to change his sworn deposition testimony about the speed he was traveling at the time in question from 40 miles per hour to 20 miles per hour. Docket No. 34 at ¶¶ 5 and 7.

The Fifth Circuit has held that a "'nonmoving party cannot defeat a summary judgment motion by attempting to create a disputed material fact through the introduction of an affidavit that directly conflicts with his prior deposition testimony.'" Callahan v. Gulf Logistics, L.L.C., 456 Fed. Appx. 385, 392 (5th Cir. 2011) (quoting Albertson v. T.J. Stevenson & Co., Inc., 749 F.2d 223, 233 n. 9 (5th Cir. 1984)); see S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir. 1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony."). Simply put, "[a] party may not create a genuine issue of material fact with an affidavit that contradicts prior deposition testimony." Albaugh Chemical Corp. v. Occidental Electrochemicals Corp., 3:87CV0953 G, 1993 WL 360730 at *3 (5th Cir. Aug. 23, 1993); see Thurman v. Sears, Roebuck & Co., 952 F.2d 128, 137 (5th Cir. 1992) (applying same principle).

The only explanation given by Plaintiff for the proposed change to his deposition testimony is that he had "guessed that the speed limit was 45 miles per hour" and that he "knew that [he] was driving about five miles less than the speed limit." Docket No. 34 at ¶ 6. Aside from the significant difference between traveling 40 miles per hour as opposed to 20 miles per hour, Plaintiff's explanation fails to address the multiple times in his deposition when he explicitly testified that he had "looked at [his] speedometer" and he was going "40 miles per hour." Docket No. 30-2 at pp. 31-33. Plaintiff's explanation clearly does not warrant consideration of his affidavit directly contradicting his sworn deposition testimony, and Defendant Leggett's motion to strike Plaintiff's affidavit should be granted.

As the Fifth Circuit has stated, "[s]elf-serving assertions contradicting previous testimony are insufficient evidence to overcome a summary-judgment motion." Barlow v. Allstate Texas

9

Lloyds, 214 Fed. Appx. 435, 437 (5th Cir. 2007). Likewise, Plaintiff's affidavit testimony contradicting his prior deposition testimony is insufficient to create a genuine issue of material fact as to his speed at the time in question. Accordingly, Defendant Leggett's motion for summary judgment should be granted.

*CONCLUSION*

Based on the foregoing, the undersigned recommends that Defendant Leggett's Motion for Summary Judgment (Docket No. 30) and Motion to Strike (Docket No. 38) be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on the 13th day of September, 2012.

s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE